Moorehead *v.* Davis.

Filed Dec. 21, 1883.

---

No. 10,650.

## MOOREHEAD *v.* DAVIS.

MEASURE OF DAMAGES.—*Failure of Title to Territory for Sale of Patent.*— A. sold and assigned to B. letters-patent of a machine for H. and W. counties, having no title as to W. county; without offering to reassign B. sued.

*Held*, that the proper measure of damages was such proportion of the whole price paid as the value of W. bore to the value of both, estimated at the price paid.

From the Fulton Circuit Court.

*M. L. Essick, G. W. Holman,* and *J. L. Farrar,* for appellant.. *S. Keith, E. Myers* and *J. S. Slick,* for appellee.

HAMMOND, J.—The appellee sued the appellant, charging in his complaint, that the appellant, on July 12th, 1881, obtained letters-patent from the United States for the exclusive right to vend a certain improved washing machine in all the States and Territories of the United States; that on May 22d, 1882, the appellant assigned in writing to the appellee the rights to said letters-patent in the counties of Hamilton and White, in the State of Illinois, in consideration of $300; that the appellee was induced to make said purchase from the representations of the appellant, which were false and fraudulent, that he still owned the rights of said patent in said counties, but that he had, in fact, prior thereto, assigned and disposed of the same; and that the appellee, before discovering that he received no title to the patent in the counties named, incurred expense in reference thereto in the sum of $100. Prayer for judgment for $400.

The appellant answered by the general denial and by two special paragraphs, to which there was a reply in denial. No question is made upon the pleadings. The case was tried by a jury, who returned a verdict for the appellee for $285.50, upon which judgment was rendered over the appellant's motion for a new trial. The questions presented by the assignment of errors, which will be considered, are properly saved in the record.

The evidence shows, without conflict, the following facts:

In consideration of $250 paid by the appellee to the appellant, the latter, on May 22d, 1882, assigned to the former, in writing, said patent for the counties of Hamilton and White, in Illinois. It may be inferred from the evidence that the appellee was induced to make the purchase of the patent for said counties by the appellant's representations of ownership. The appellee received from the assignment a good title to the patent as to said Hamilton county, but none as to said White county. As to the latter county the appellant had previously disposed of the patent.

It was found by the jury, in their special findings, that the

Moorehead v. Davis.

appellee was entitled to recover $30.50 for expenses incurred before discovering the want of title as to said White county. The evidence failed to show the value of the patent as to White county, compared with its value as to Hamilton county, or otherwise. The appellee made no tender back to the appellant by assignment in writing, or otherwise, of said patent for either of the counties named. It is due to the appellant to state that he claimed in the special paragraphs of his answer and in his evidence, that the contract with the appellee was for the transfer to him of the patent for Hamilton and Whitesides counties, Illinois, and that " White " was, by mistake, written in the assignment instead of " Whitesides," and that as soon as his attention was called to the mistake, he tendered to the appellee, in due form, an assignment, transferring to him a good title to the patent for said county of Whitesides. Upon the question of the alleged mistake the evidence was conflicting.

The court gave the jury the following instruction:

" If you find there was a mistake in writing the deed of assignment, that Moorehead intended to convey Hamilton and Whitesides counties instead of Hamilton and White, but that Davis understood it to be Hamilton and White, the minds of the contracting parties did not meet and would not amount to a contract, and the mistake would not be mutual; and, should you find from the evidence that there was a mistake, but that it was not mutual, you will find for the plaintiff, and the measure of damages will be $250, paid for the two counties, with expenses incurred by Davis, and six per cent. interest on that sum from date of payment."

That part of the instruction relating to the measure of damages is erroneous. The court told the jury, in substance, that if they found for the appellee he would be entitled to recover the amount paid for *both* counties, when there was no dispute in the evidence that he received and held a good title

for the patent as to *one* county, which he had not reconveyed or tendered back to the appellant.

The general rule of damages on the failure of title is the price paid, with interest. Field Dam., section 302, p. 283; *Thomas* v. *Hamilton*, 71 Ind. 277. But where there is a partial failure of title, the damages should bear the same proportion to the whole purchase-money as the value of the part to which the title fails bears to the whole property, estimated at the price paid. *Wiley* v. *Howard*, 15 Ind. 169; *Hoot* v. *Spade*, 20 Ind. 326; *First Nat'l Bank* v. *Colter*, 61 Ind. 153; *Mooney* v. *Burchard*, 84 Ind. 285.

The evidence furnished no proper data for estimating damages, and the verdict of the jury shows that they followed the incorrect rule given in the instruction.

Other proceedings are complained of, but as they are not likely to occur on another trial, they need not be considered. The appellant's motion for a new trial should have been sustained.

Judgment reversed, at the appellee's costs, for further proceedings in accordance with this opinion.

Filed Dec. 21, 1883.