## TAYLOR v. WALLACE ET AL.

COVENANTS—MEASURE OF DAMAGES.

In an action upon a warranty of title, where the assignee of the covenantee sues the original covenantor, the amount of the recovery is the consideration paid by him to his immediate grantor, with interest, not exceeding the consideration paid for the original conveyance.

### *Error to the District Court of Weld County.*

THIS action was brought on the 20th of February, 1890, by plaintiff in error, Henry C. Taylor, against defendants in error, John M. Wallace and Sidney S. Wallace, to recover for breach of covenant. The facts upon which he predicates his cause of action are in substance as follows :

On the 14th day of December, 1880, at Chicago, Cook county, Illinois, the defendants by their warranty deed, with full covenants of warranty, conveyed to Samuel Sharp the south half of the northeast quarter of section 1, township 32 north, range 8 west, in Lake county, Indiana, containing eighty acres, for the alleged consideration of $688.

On September 3, 1884, Sharp conveyed to the plaintiff, Henry C. Taylor, by warranty deed, with like full covenants of warranty, the undivided three fourths of the eighty acres in question ; and afterwards, on November 29, 1886, by a quitclaim deed, the other undivided one fourth.

A duly authenticated transcript of the record of an action to quiet title to the land in question, instituted on January 2, 1889, in the circuit court of Lake county, Indiana, (the county wherein the land was situate,) by John Brown and William B. Brown v. John M. Wallace, Sidney S. Wallace, Samuel Sharp, Henry C. Taylor and others, and of a decree duly entered therein on the first day of March, 1889, adjudging and decreeing the plaintiffs in that action to be the owners in fee simple and entitled to the possession of the land, and forever quieting and setting at rest the title to the same in them; and enjoining the defendants therein from asserting any right, title or interest or claim in or to said lands or any part thereof.

The defendants in their answer admit the execution of the conveyances with the warranties aforesaid, but deny that any consideration was received by them therefor, and set up the statute of limitations.

Messrs. LOOK & BENNETT, for plaintiff in error.

Mr. J. W. McCREERY, for defendants in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

The court below, upon the evidence introduced on the trial of the cause, found the issues in favor of plaintiff, and further found that in the judgment of the Indiana court the title to the land in question was settled, and that the title warranted by defendants had been overthrown, and that defendants were liable upon their warranty, but held that as there was no evidence of the amount of the consideration paid by plaintiff to Sharp he was entitled to recover only nominal damage, and thereupon entered judgment in his favor for $1.00 and costs.

The sole question, therefore, presented for our consideration by the assignments of error, is whether the court below adopted the correct measure of damages. It held that in

this character of action, where the assignee of a covenantee sues the original covenantor, the amount of the recovery is the consideration paid by him to his immediate grantor, with interest not exceeding the consideration paid for the original conveyance.  Counsel for plaintiff in error strenuously insist that the measure of recovery is the value of the land at the time of the conveyance by the original covenantor to the covenantee, and that that value is conclusively fixed by the consideration then paid.

There is an irreconcilable conflict in the decisions of the courts of the different states that have passed upon this question, and they are nearly equally divided, the measure of damages adopted by the trial court having been approved by the courts of North Carolina, Minnesota, Tennessee, Missouri and Maryland, while that contended for by counsel for plaintiff in error is announced as the correct rule by the courts of South Carolina, Iowa, Kentucky and Mississippi.   The question being an open one in this state, we are at liberty to follow that line of decision which in our judgment is the more consonant with reason and justice.   It is now well settled by the great weight of authority that by the covenant for quiet enjoyment and of general warranty, the grantor binds himself to pay his immediate grantee, in case of failure of title and eviction, the value of the land when conveyed; and this value is determined by the price paid, and that sum, with interest, is the limit of the measure of damages recoverable by such grantee ; that these covenants run with the land, and any subsequent grantee, upon eviction, may sue for the breach. To hold otherwise is to construe the covenant as one of indemnity, a view that was rejected in the earlier cases, with few exceptions.   In the case of *Staats v. Ten Eyck*, 3 Caines, 111, and *Pitcher v. Livingston*, 4 Johns. 1, it was held in analogy with the rule applied in the common law action of *warrantia chartæ*, that the value of the land at the time of the conveyance was the criterion of damages, and not the enhanced value of the land at the time of eviction, whether

owing to increase from natural causes or by improvements made by the grantee.

There are rules that may reduce the amount of recovery within this limit. Interest is allowed for the time that the grantee is liable to the true owner for mesne profits; and when, by the statute of limitations, mesne profits are not recoverable only for a certain number of years, interest will not be allowed for any longer time. And where, by the payment of a judgment which is an incumbrance, or the defect of title is remedied by purchase, the amount of recovery is limited to the amount that was fairly and reasonably paid for that purpose. If, therefore, the measure of damages may be diminished by the disallowance of interest when the profits are equivalent thereto, and a deduction of the principle allowed in the case of a *pro tanto* eviction in an action by the immediate grantee, it is difficult to perceive why the same rule should not apply as to a remote grantee and his recovery be limited to his actual damage. As was said in the case of *Mette v. Dow*, 9 Lee, 93 :

" The covenant is a peculiar one, and not like an ordinary covenant for so much money. It is rather in the nature of a bond with a fixed sum as a penalty, the recovery on which will be satisfied by the payment of the actual damages. Each vendor, subject to this rule, may be treated as the principal obligor to his immediate vendee, and as the surety of any subsequent vendee to hold him harmless by reason of the failure of title, and the ultimate vendee, when evicted, is entitled to be subrogated to the rights of his immediate vendor against a remote vendor to the extent necessary to indemnify him. Such a vendee, to use the language of the supreme court of North Carolina, sues a remote vendor on the covenant to redress his, the plaintiff's, own injuries, not the injuries of the immediate vendee of such remote vendor. Accordingly, that court held, in a case like the one before us, that the measure of damages was the consideration paid by the plaintiff to his immediate vendor with interest, and not the consideration paid by such vendor to the defendant.

In other words, the damages recovered were limited to the actual injury sustained."

A remote grantee may simultaneously sue his immediate grantor and all previous covenantors, and recover several judgments against each of them, although entitled to but one satisfaction; and the amount of recovery against each can in no event exceed the consideration received by him. Under the rule contended for by counsel for plaintiff in error, it would follow that his recovery would be, in such an event, as variable as the various amounts received by each covenantor; and in case the consideration paid by him to his immediate grantee is less than the consideration received by the original covenantor, his recovery would be less against such grantee than it would be in an action against the original covenantor; while, under the rule that the amount of his recovery is the amount of consideration actually paid by him for the land, not exceeding the original purchase price, the recovery in both cases would be the same.

The rule limiting the measure of damages in a case like this, where the remote grantee elects to sue the original covenantor, to the actual loss sustained by him, seems to us not only equitable, but is in principle analogous to the doctrine that applies in an action by the original covenantee. Compensation for his loss is all that any evicted grantee can reasonably ask; and when this can be obtained by the recovery of the consideration paid, with interest, the ends of justice are attained.

We think, therefore, that the court below adopted the correct rule of damages, and the judgment is accordingly affirmed.

*Affirmed.*