[No. 4561.]

MORGAN, ADMINISTRATOR, v. HENDRIE BROS. &
BOLTHOFF.

**1.  Sales—Warranty of Title—Breach—Measure of Damage.**

In an action for breach of warranty of title in the sale of
certain shares of stock in a corporation, the measure of damage
is the purchase price paid for the stock with interest and not
the value of the stock and dividends paid thereon.

*Appeal from the County Court of Arapahoe County:
Hon. Ben. B. Lindsey, Judge.*

Messrs. TELLER & DORSEY, Mr. STÁNLEY C. WAR-
NER and Mr. E. B. MORGAN, for appellant.

Messrs. WALDRON & THOMPSON, for appellees.

Mr. JUSTICE GUNTER delivered the opinion of the
court.

The entire claim of appellees filed against the
estate of Samuel B. Morgan consisted of five distinct
items described fully in subdivisions 1, 2, 3 and 4
of the judgment of the lower court. There was one
judgment and by it the above five items were allowed.
From this judgment the appeal under consideration
was taken.

There is no controversy as to the correctness
of the judgment in its allowance of the claims set out
in subdivisions 1, 2 and 4 thereof. The dispute is
over the action of the court in allowing the two claims
set out in subdivision 3 thereof, that is, in allowing
as damages for the breach of the warranty of title
to 160 shares of stock, the value thereof $8,000 and
the dividends collected thereon $2,480.

If, as to that part of the judgment below award-
ing damages upon the question thus in dispute, we
assume the facts to be as appellees contend, they are:
August, 1894, Samuel B. Morgan, as owner, sold to
appellees with warranty of title 160 shares of stock.

No title passed by this attempted transfer because Morgan had none. July, 1898, appellees, because of want of title in their vendor, Morgan, were compelled to surrender the stock to the true owner thereof, also the dividends—$2,480—received by them thereon during the time they had held the same, that is: from August, 1894, to July, 1898. The surrendered stock and dividends were availed of by Morgan in satisfying a judgment against him and others, declaring the title of the stock to have been in a third party at the date of the attempted sale to appellees, and declaring such third party entitled to said dividends —$2,480—collected thereon. Thereafter Morgan died and appellees filed against his estate a claim for damages sustained through the above breach of his warranty title to said stock. The value of the stock when purchased by appellees and at the time of its surrender was $8,000 and the dividends collected by them thereon during their holding were, as stated, $2,480. The lower court awarded appellees as damages for said breach of warranty the value of the stock, $8,000, and the amount of the dividends received thereon, $2,480. No question of fraud was involved.

Did the trial court adopt the proper rule for measuring the damages sustained by appellees through the breach of Morgan's warranty of title to the assigned stock? Appellant says that it did not; that the proper rule in such cases is the purchase price with interest.

The authorities are in conflict as to the measure of damages in case of the breach of a warranty of title express or implied of both real and personal property: one line holding the proper measure in such case to be the value of the property; according to some at the date of the sale; to others at the date of the vendor's dispossession; while another line

holds the proper measure to be the purchase price with interest thereon. As to real property the latter rule has been adopted by this court. *Taylor v. Wallace,* 20 Colo. 211. There the remote covenantee, who held under a deed with full covenants of warranty, having lost title, sued the original grantor, who had conveyed with like covenants, for damages on his warranty of title. The court held that the measure of damages in such case was, the purchase money paid by the plaintiff to his immediate grantor with interest thereon. The main reason assigned by the court in adopting, amid conflicting authorities, this rule, was, that as it confined the recovery to actual loss, it was the most equitable. The authorities generally are, that the rule as to the measure of damages for a breach of warranty of title should be uniform in the same state in its application to real and personal property.

In *Noel v. Wheatly,* 30 Miss. 181, an action to recover damages upon a warranty of title to personal property, the court said: "In the absence of fraud the plaintiff can only recover back his money with interest, and such damages as he necessarily sustained in protecting his title. This is certainly the rule of damage on the covenant of warranty in the sale of land, and no good reason is perceived why the rule should not be the same with respect to both kinds of property. The rule is one which is certain, easy of application, and must, in most cases, be just in its operation. All the authorities hold that mere speculative profits shall not be recovered by the vendee. If this be true, how is it possible to conceive a case in which he could recover more than he expended in the first instance, in making the purchase, and such other incidental expenses as were incurred in defending the title."

In *Crittenden v. Posey,* 1 Head (Tenn.) 311, a

like action to the case last cited, the court said: "We can see no sufficient reason for a distinction as to the measure of damage in the two kinds of property. Either rule would work hard in some cases.   *   *   * Yet some fixed rule must exist, notwithstanding the variety in the results of its operation in the different cases to which it may apply in practice. These difficulties were felt in relation to real estate, and the books are full of conflicting reasoning, as well as decisions on that subject. The result has been, that each state has settled the rule as best comported with the views of their respective tribunals. And perhaps it has generally been made uniform in its application to real and personal property in the same state. And as our courts have adopted the principle in application to land, that the price paid with interest shall be the measure of damages, we think it most fit and proper that the same rule should govern in actions upon covenants for the failure of title to slaves."

In *Ware v. Weathnall*, 1 McCord (S. C.) 246, an action upon a warranty of title to personal property, the rule for measure of damages was the purchase price with interest. It was there also held that the rule should be the same as to real and personal property. See also *Glover v. Hutson*, 2 McMullan (S. C.) 417.

In *Eaton v. Mellus*, 7 Gray 567, 575, an action for damages for failure of title to personal property, the court said: "In regard to the extent of defendant's liability, it seems to us that the breach of the contract is analogous to that of a covenant of good right to sell and convey land, where the measure of damage is the price paid. There being no fraud on the part of the defendants, the amount paid by the plaintiff with interest is the true measure of the defendants' liability."

While at the civil law the rule for measuring

damages upon a breach of a covenant of warranty of title was different from that at the common law, it was uniform in its application to real and personal property.—*Ware v. Weathnall, supra.*

As the authorities generally are that the rule in question should be uniform in the same state as to real and personal property, and as we see no reason for adopting a different rule as to the two classes of property, perhaps a sufficient reason for our applying in this case the rule of purchase money with interest thereon for measuring the damages, is that this state has adopted that rule as to real estate.— *Taylor v. Wallace, supra.* A further reason is, such rule is supported by the weight of authority.

"Generally   *   *   * the measure has been stated to be the purchase money and interest; thus adopting the same rule that is usually applied in estimating the damages for breach of covenants for title to real estate."—Sutherland on Damages, vol. 2 (2 ed.), § 669. See also *Noel v. Wheatly, supra; Crittenden v. Posey, supra; Armstrong v. Percy,* 5 Wend. 536; *Ware v. Weathnall, supra; Glover v. Hutson, supra; Arthur v. Moss,* 1 Oregon 193; *Eaton v. Mellus, supra; Wood v. Sheldon,* 42 N. J. L. R. 421; *Higbie v. Rogers,* 50 Atlantic (N. J.) 366; *Jeffers v. Easton, Eldridge & Co.,* 113 Cal. 345; *Smith v. Williams,* 117 Ga. 782.

That part of the judgment which awards as damages for the breach of the warranty in question the value of the 160 shares of stock and the dividends collected thereon is, we think, wrong, as the proper measure of damages in such case is the purchase price with interest thereon. For this reason the judgment must be reversed in part. As there is no question as to the other claims allowed by the judgment, as to them it will be affirmed.

We have not gone into the other questions pre-

scnted by appellant why the judgment should be reversed, because it seems improbable that any of them will arise on a second trial, should one be had.

The judgment below·will be affirmed as to the claims allowed in subdivisions 1, 2 and 4 thereof, and reversed as to the claims allowed in subdivision 3 thereof and remanded with instructions to the lower court to retry the case as to the claims allowed. in the said subdivision 3. ·

*Judgment affirmed in part and reversed in part.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.