P. D. Duren et al. v. W. A. Bottoms et al.

Decided April 16, 1910.

### 1.—Land Certificate—Transfer—Recitals—Evidence.

Recitals in a written transfer of a land certificate to the effect that the parties transferring and selling the certificate were the sole heirs of the original grantor, are not admissible in evidence against the other heirs of said grantee for the purpose of showing an open, notorious and adverse claim by said vendors of the certificate and the land on which the same was located, in the absence of evidence tending to show that the other heirs knew of such adverse claim.

### 2.—Same—Self-Serving Declarations.

The recital in a written transfer of a land certificate that the vendors were the sole heirs of the original grantee, would tend strongly to show that the vendee in the transfer claimed title to the certificate and the land located by virtue thereof only through those written instruments and not by or under parol sales and delivery by and from the other heirs of the original grantee. As a rule self-serving declarations are not admissible in proof of title in the declarant.

### 3.—Trespass to Try Title—Holder of Legal Title—Charge.

The grant of a land certificate to the heirs of a party vested the legal title to said certificate and the land located by virtue thereof, in said heirs;

hence in a suit of trespass to try title by such heirs to land claimed by virtue of such a certificate, the heirs would be entitled to recover in the absence of evidence that they had parted with their legal title. Evidence considered and held to justify a peremptory instruction in favor of heirs to whom a certificate had been granted.

**4.—Same—Costs.**

All the costs of the suit are properly adjudged against the defendant in trespass to try title though the plaintiff recover only a part of the land sued for.

**5.—Same—Locative Contract—Joint Owner—Judgment.**

A contract for the location, survey, etc., of a land certificate expressly vested in the contractor a one-half interest in the certificate as soon as the same should be issued by the Land Office; the certificate was issued and the contractor performed the obligations imposed on him by the contract. Held, said contract vested in the contractor and those holding under him such an interest in the land as would prevent them being classed as mere trespassers upon the land, and hence the rule that the owner of an undivided interest in a tract of land would be entitled to recover in trespass to try title the whole tract as against a mere trespasser, would not apply.

**6.—Stale Demand.**

The doctrine of stale demand can not be applied to one who in assertion of his right to land continuously exercises acts of ownership over the same, such as using it and leasing it.

**7.—Appeal—Practice.**

A proposition which is not germane to any cross assignment in appellee's brief and which is not supported by a proper statement of the evidence, will not be considered on appeal.

Appeal from the District Court of Foard County. Tried below before Hon. S. P. Huff.

*J. A. Templeton,* for appellants.—An unlocated land certificate is a chattel which may pass by verbal sale and delivery, and while mere possession of such certificate is not sufficient evidence of ownership thereof, yet long possession of same under a claim of right, attended with acts of dominion and control, may, in the absence of opposing proof in a contest arising after the witnesses to the supposed sale are dead, be sufficient to support the presumption of a sale. Lockbridge v. Corbett, 31 Texas Civ. App., 676; Davidson v. Wallingford, 88 Texas, 619; McDow v. Rabb, 56 Texas, 154; Rice v. Melott, 32 Texas Civ. App., 426; Carlisle v. Gibbs, 44 Texas Civ. App., 189; Jones v. Reus, 5 Texas Civ. App., 628; Herndon v. Burnett, 21 Texas Civ. App., 25; Texas Tram & L. Co. v. Gwin, 52 S. W., 111; Thompson v. Dutton, 96 Texas, 205; Parker v. Spencer, 61 Texas, 164.

The court erred in excluding, when offered in evidence by these defendants, to wit, P. D. Duren and W. H. Howard, the certified copies of the partition proceedings had in the District Court of Rusk County in the case of James H. Turner v. Seaton Moore et al. Said evidence was admissible as tending to show a knowledge of and ratification by the Taylor heirs of the locative contract made by Jasper and Lavinia Taylor with Moore and Daniel, and an acquiescence in the claim of said Moore and Daniel and their vendees to the 640-acre certificate by virtue whereof the land in controversy was located. Stone v. Ellis,

69 Texas, 325; Wilson v. Helms, 59 Texas, 680; Peak v. Swindle, 68 Texas, 252; Wardlow v. Miller, 69 Texas, 398; Thompson v. Robinson, 56 S. W., 580.

The evidence in question was admissible as tending to show a verbal sale and transfer by Zack Bottoms and the other heirs of Elizabeth Taylor of their respective interests in the 640-acre certificate theretofore issued to such heirs.   Arthur v. Ridge, 40 Texas Civ. App., 137; Bounds v. Little, 75 Texas, 316; Carlisle v. Gibbs, 44 Texas Civ. App., 189; Kirby v. Cartwright, 48 Texas Civ. App., 8; Jones v. Reus, 5 Texas Civ. App., 628; Texas Tram & L. Co. v. Gwin, 52 S. W., 111; Herndon v. Burnett, 21 Texas Civ. App., 25.

Said evidence was admissible as tending to show a compliance by Moore and Daniel with their locative contract made with Jasper and Lavinia Taylor to procure the certificates to which the heirs of Elizabeth Taylor were entitled, and to locate same or cause them to be located and patented.   And as tending to show that the locations of the larger certificate issued to said heirs, which were made by Jacob N. Johnson for such heirs, were in fact made by him under a contract with Seaton Moore, and in pursuance of said original locative contract, and that this was done with the knowledge and consent of said heirs.

The contract made by Jasper and Lavinia Taylor with Moore and Daniel, and their subsequent action thereunder, vested in said Moore and Daniel an equitable title to the entire interest of said Jasper and Lavinia Taylor in the certificates thereafter procured by them for the heirs of Elizabeth Taylor, which equitable title attached to said certificates as soon as same were issued.   Gibbons v. Bell, 45 Texas, 417; Galbraith v. Howard, 11 Texas Civ. App., 230; Hazlett & Dickey v. Harwood, 80 Texas, 508; Smith v. Crosby, 47 Texas, 121; Ikard v. Thompson, 81 Texas, 290; Garner v. Boyle, 97 Texas, 460; Lockbridge v. Corbett, 31 Texas Civ. App., 676; Doss v. Slaughter, 53 Texas, 235; Smock v. Tandy, 28 Texas, 130.

The heirs of Elizabeth Taylor and their vendees, who participated in said partition proceedings and among whom the certificate for one league and labor, less 640 acres, and the lands located by virtue thereof were partitioned, had the right to charge Seaton Moore and the minor heirs of his deceased wife, Lavinia Moore, *nee* Taylor, and his vendee, Jacob N. Johnson, with the 640-acre certificate which Moore and Daniel had received from Jasper and Lavinia Taylor and which had been transferred to the parties under whom appellants claim, and the failure of the parties to that action so to do should be held to constitute a ratification of and acquiescence in the disposition theretofore made of said 640-acre certificate, and to estop plaintiff and interveners herein from claiming said certificate or the lands located by virtue thereof.   Lemonds v. Stratton, 5 Texas Civ. App., 403; Galbraith v. Howard, 11 Texas Civ. App., 230; Smith v. Cantrell, 50 S. W., 1081; Stone v. Ellis, 69 Texas, 325.

*R. M. Wynne* and *C. K. Bell,* for appellees.

DUNKLIN, ASSOCIATE JUSTICE.—Mrs. Elizabeth Taylor, a widow,

with her two children, William Jasper Taylor, and Lavinia Taylor, immigrated to Texas in 1835. She married Zack Bottoms in 1838, and eight children were born of this marriage. She died in the year 1852 and Zack Bottoms died in 1901. In 1855 William Jasper Taylor and Lavinia Taylor entered into a written contract with Seaton Moore and W. C. Daniel by which they employed Moore and Daniel to apply to the Legislature of the State of Texas for a certificate for a league of land, the agreement containing the statement that the grantees considered themselves entitled to receive a certificate for a league of land as the heirs of Elizabeth Taylor, their deceased mother. In this contract it was stipulated that Moore and Daniel should locate the certificate when obtained, and should pay all expenses for locating and surveying, and that they should receive one-half the land so located for their trouble and expense. The instrument then concludes as follows: "In fact we hereby transfer to them one-half of said certificate when obtained and give them entire control of the whole of said certificate to locate and survey."

In 1856 the Legislature of the State granted a certificate for six hundred and forty acres of land to the heirs of Elizabeth Taylor. On September 23, 1857, W. C. Daniel conveyed all his interest in the certificate to John Henderson by deed containing covenants of warranty of title against the heirs of Elizabeth Taylor, and reciting that William Jasper and Lavinia Taylor were her sole heirs. On the 30th of March, 1859, John Henderson conveyed all his interest in the certificate to Jesse Duren by deed with covenants of warranty of title. By deed dated August 26, 1860, Jesse Duren conveyed the certificate to Phillip D. Duren with covenants of warranty of title, and reciting that the certificate had been located in Houston County. By deed dated August 26, 1869, Seaton Moore transferred the certificate to W. C. Daniel.

The certificate mentioned above for six hundred and forty acres of land was first located in Houston County in September, 1861, but this location was abandoned, and in 1874 the certificate was relocated upon six hundred and forty acres in Foard County by W. H. Cundiff as agent for Phillip D. Duren, and that is the land in controversy.

Plaintiffs in this suit represented some of the Bottoms heirs, and others of those heirs joined in the suit as interveners, and they, together with plaintiffs, sued to recover of defendant the entire survey. In 1907 plaintiffs procured the issuance of a patent to the land to the heirs of Elizabeth Taylor, deceased. On January 5, 1909, all of Phillip D. Duren's interest in the land was sold to W. H. Howard, who intervened in this suit.

By the judgment four hundred and ninety-six acres of the land was awarded to plaintiffs and the interveners who joined with them in the suit, except William Jasper Taylor, and one hundred and forty-four acres of the land was awarded to defendants and intervener W. H. Howard jointly, the judgment reciting that the said one hundred and forty-four acres was the interest formerly owned in the survey by William Jasper Taylor and Lavinia Taylor. William Jasper Taylor was denied a recovery. None of the heirs of Seaton Moore nor of

Lavinia Moore were parties to the suit. From the judgment rendered, Phillip D. Duren and W. H. Howard have appealed.

The several transfers of the certificate, together with the contract executed by William Jasper Taylor and Lavinia Taylor in favor of Seaton Moore and W. C. Daniel, were introduced in evidence, save and except that the recitals contained in some of them, in effect that William Jasper Taylor and Lavinia Taylor were sole heirs of Elizabeth Taylor, deceased, were excluded upon objection thereto by plaintiffs, and the exclusion of those recitals is made the basis of appellants' first assignment of error. Appellants insist that the recitals were admissible as tending to show an open, notorious and adverse claim by them and those through whom they deraign title, and as tending to show a ratification of the locative contract above mentioned on the part of the other heirs of Elizabeth Taylor; also as tending to show a transfer of the certificate from all the heirs of Elizabeth Taylor.

It is well settled that an unlocated land certificate is a chattel, the title to which may pass by parol sale and delivery as other chattels. In the case of Lockridge v. Corbett, 31 Texas Civ. App., 676 (73 S. W., 98), it was held that long possession of a land certificate under claims of right, accompanied with acts of dominion and control, "may, in the absence of opposing proof in a contest arising after the witnesses to the supposed sale are dead, be sufficient to support the presumption of a sale." Other authorities cited in appellants' brief are to the same effect. We do not believe those authorities are applicable in this case. In most of the cases where the rule invoked was applied the evidence showed that the parties against whom it was enforced knew of the adverse claim asserted to the certificates. In this case there was no evidence to show that the Bottoms heirs ever knew of the adverse claim to the entire survey of land in controversy by Phillip D. Duren or the parties through whom he claimed.

Besides, the written conveyances through which Phillip D. Duren claims, and the recitals in some of them that the title thereto was deraigned through William Jasper Taylor and Lavinia Taylor, referred to as the sole heirs of Elizabeth Taylor, deceased, are inconsistent with the idea that Phillip D. Duren or the parties through whom he claimed acquired any title to the certificate by parol conveyances from the other heirs of Elizabeth Taylor, as such evidence strongly tends to show that the grantees in such instruments claimed title only through those instruments. As a rule, self-serving declarations are not admissible in support of title in favor of the declarant, and for the reasons above given we think there was no error in the ruling complained of. Parker v. Spender, 61 Texas, 164.

On February 15, 1858, the Legislature by special Act authorized the issuance to the heirs of Elizabeth Taylor of another certificate, the same being for one league and labor of land less the six hundred and forty acres for which the certificate above mentioned had already been issued. This certificate was located in Rusk, Cherokee, Montague, Knox and Donley Counties, but the locations in the three counties last named were afterwards canceled by the Commissioner of the General Land Office. In 1876 a suit was instituted by James H.

Turner in the District Court of Rusk County against Seaton Moore, Zack Bottoms and the heirs of Elizabeth Taylor, whereby plaintiff sought a partition between himself and the other parties to the suit of a tract of land consisting of eight hundred and fifteen acres situated in Rusk and Cherokee Counties, and also other lands on which the certificate last named had been located. In that suit a judgment by agreement was rendered, by the terms of which the land in Rusk and Cherokee Counties was divided between the various parties, but the commissioners of partition, appointed in the suit, reported that the locations of the certificate in the counties other than Rusk and Cherokee had been declared forfeited, and they recommended that the balance of the certificate, by virtue of which those locations were made, should be sold and the proceeds divided among the parties. This recommendation was accepted and a decree was entered accordingly. This judgment, together with a certified copy of the execution docket in said court showing the sale by the sheriff of Rusk County of a part of the land situated in Rusk and Cherokee Counties, and also a certified copy of the sheriff's deed thereto, together with a certified copy of a transfer by W. J. Taylor and Lavinia Moore of their interest in the certificate last mentioned, with field notes and plat of surveys upon which the certificate was located, also an affidavit made by P. D. Duren dated December 6, 1877, in effect that he was the legal and equitable owner of said six hundred and forty-acre certificate which was located on the land in controversy, were all offered in evidence by appellants and plaintiffs' objections thereto sustained. The purpose for which those documents were offered was the same as that for which the recitals in the various transfers discussed above were offered, and for substantially the same reasons urged in support of the contention that those recitals were admissible appellants insist that there was error in the exclusion of those documents. Our discussion of the ruling of the court in excluding the recitals in the various instruments is applicable equally to the rulings now under discussion, and for the reasons above given the assignments of error complaining of the exclusion of the documents last mentioned are overruled.

The judgment rendered was upon a verdict returned in response to a peremptory instruction from the court, and the action of the court in giving this peremptory instruction and in refusing special instructions requested by appellants is assigned as error. Appellants contend that the evidence was sufficient to raise the issue of a presumptive sale and transfer by all the heirs of Elizabeth Taylor to Moore and Daniel, or to their subsequent vendees, of the six hundred and forty-acre certificate by virtue of which the land in controversy was located, and by the instructions requested and refused the submission of this issue was sought as a disputed issue. The successful parties to this suit showed legal title in themselves to the land decreed to them, and we do not think the evidence introduced upon the trial was sufficient to raise the issue of a transfer of that interest by them or by the parties from whom they deraigned title, and there was no error in the peremptory instruction in their favor.

The failure of appellees to recover the entire survey does not sup-

port appellants' assignment that there was error in the judgment decreeing that they should pay all costs of the suit.

Appellees have filed cross-assignments of error to the judgment in favor of appellants for one hundred and forty-four acres of the land in controversy. It is insisted that the contract made by William Jasper Taylor and Lavinia Taylor with Moore and Daniel did not operate to pass any interest in the certificate to Moore and Daniel, and that, as plaintiffs and the interveners who prevailed in the trial court were shown to own undivided interests in the land, they were entitled to recover the whole survey as against appellants, who were mere trespassers. The contract by William Jasper and Lavinia Taylor in express terms conveyed a one-half interest in the certificate as soon as the same should be procured by them. They did procure the six hundred and forty-acre certificate, and P. D. Duren, the subsequent vendee of their interest in the certificate, located it upon the land in controversy. Clearly, this showed that appellants were not mere trespassers, but owned an interest in the land, notwithstanding the land was patented to the heirs of Elizabeth Taylor.

After the location upon the land in controversy appellants, and those under whom they claimed, exercised acts of ownership over it by using it and leasing it for pasturage purposes, and their right thereto was not challenged by appellees until the institution of this suit. These facts, in connection with those above recited, are sufficient answer to appellees' plea of stale demand as against appellants' claim.

It is further insisted that, as the certificate for the land in controversy was personal property, a one-third interest therein passed to Zack Bottoms, thus reducing the interests of William Jasper and Lavinia Taylor to forty-two and two-thirds acres each, or eighty-five and one-third acres in the aggregate, and that at all events appellees should have been awarded the entire survey less the eighty-five and one-third acres. The proposition presenting this contention is not germane to any cross-assignment of error in appellees' brief, and the statement following the proposition fails to point out any evidence in the record showing that appellees own the interests of all the heirs of Elizabeth Taylor, other than William Jasper Taylor and Lavinia Taylor; therefore the question presented can not be considered. Rules 30 and 31, Courts of Civil Appeals, 102 Texas.

We have found no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.