### BESTEIRO et al. v. BESTEIRO et al.
(No. 8042.)

Court of Civil Appeals of Texas. San Antonio.
May 23, 1928.

**1. Attorney and client** ⊚⟹148(2)—**Client's agreement to pay attorney fee, based on percentage of real property recovered, did not assign property or create equitable lien.**

Agreement by which clients were to pay attorney a reasonable retaining fee, and a reasonable contingent fee, "to be based on a percentage of the property recovered," in action in trespass to try title, *held* not to operate as an assignment of the subject-matter of plaintiff's cause of action or to create equitable lien on property claimed by reason of the cause of action.

**2. Attorney and client** ⊚⟹190(1)—**Attorney rendering services for contingent fee, based on percentage of real property recovered, could not intervene or restrain client's settlement through other attorneys.**

Attorney, who was to receive reasonable retainer and reasonable contingent fee "to be based on a percentage of the property recovered either by final judgment or other settlement," in action of trespass to try title, *held* not entitled, after client's employment of other attorneys, to intervene and restrain right of parties to compromise or settle suit, on ground of services rendered.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Action by Martin Besteiro and others against Maria Inez Besteiro and others, in which H. B. Galbraith filed a plea of intervention, seeking to restrain a settlement of the suit. From an order granting an injunction, plaintiffs appeal. Reversed, and injunction dissolved.

Seabury, George & Taylor, of Brownsville, for appellants.

John I. Kleiber, of Brownsville, for appellees.

SMITH, J. Primarily, this was an action in trespass to try title, brought by Martin Besteiro and others against Maria Inez Besteiro and others, to recover certain lands in

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Cameron county. A few days after the suit was commenced H. B. Galbraith, an attorney of the Brownsville bar, filed a plea of intervention in the proceeding, claiming an interest in the land involved in the action, and praying for an injunction to restrain the parties plaintiff and defendant from settling or compromising the suit. Mr. Galbraith alleged, as grounds for the relief sought by him, that prior to the institution of this suit the plaintiffs therein employed him, as an attorney, to prepare, file, and prosecute suit in their behalf to recover the land in controversy, and agreed to pay him for his services a reasonable retainer fee, and a reasonable contingent fee, "to be based on a percentage of the value of the property recovered, either by final judgment or by compromise or other settlement"; that "a reasonable retaining fee under said contract is the sum of $2,500, and that a reasonable contingent fee under said contract is the sum of $50,000, said latter sum being 20 per cent. of the value of the property in controversy"; that intervener had performed a great deal of labor in that employment, of the reasonable value of at least $7,500; but that the plaintiffs breached their agreement with him and employed other attorneys, who then brought this suit. Intervener alleged:

"Your intervener further avers that the plaintiff Alberto Besteiro, a resident of this county, is notoriously insolvent and owns no property of whatever kind or character subject to execution or forced sale; that the plaintiffs Martin Besteiro, of Monterrey county, Cal., and Eustolia Besteiro de Diego, of Santander, Spain, are nonresidents of this state, and that neither of them own any property within this state of whatsoever kind or character subject to execution or forced sale; that your intervener is informed and has reason to believe and does believe that the parties plaintiff and defendants herein may, at any moment, settle and compromise this suit, without regard to the rights of your intervener therein, and thereby deprive your intervener, in all things, of any remedy therein, and his compensation therefor—all as more- fully hereinbefore set out and alleged; that, unless restrained, the said threatened action on the part of said parties plaintiff and defendant will cause this intervener irreparable injury, for which there is no adequate remedy at law.

"Wherefore your intervener prays (a) that he be allowed to intervene in this suit; (b) that a writ of injunction issue against plaintiffs and defendants, enjoining and restraining them, and each of them, from entering into or carrying out, in any way or manner, any settlement or compromise of any character whatsoever of this suit, or of any of the matters and things relating or appertaining thereto, pending the trial thereof or other final disposition of the same in open court; (c) that, should the final judgment of this court be for the plaintiffs, he recover of and from them judgment in the sum of $2,500 and in interest of 25 per cent. of the value of the property so recovered by them from defendants; (d) that, should the final judgment of this court be for. the defendants, he recover of and from the plaintiffs judgment in the sum of $2,500; (e) or, in the alternative, should it be found by this court that there was no express agreement and contract by and between your intervener and plaintiffs, as more fully hereinbefore set out and alleged, then, and in that event, your intervener have and recover of and from plaintiffs judgment in the sum of $7,500 for actual legal services rendered to them by him, as more fully set out in paragraph III of this petition."

The injunction was granted as prayed for, and the plaintiffs in the court below have prosecuted this appeal from the interlocutory order.

[1, 2] According to appellee's allegations, appellants agreed, to "pay him a reasonable retaining fee and a reasonable contingent fee, said contingent fee to be based on a percentage of the property recovered, either by final judgment or other settlement." We are of the opinion that the agreement stated did not constitute an assignment of appellants' cause of action, or any part of it, or give to appellee such an interest in the subject-matter now in litigation as would entitle him to intervene in this suit. There was no agreement to convey to intervener any portion of the property to be recovered, or to pay him any portion of the judgment to be recovered, or that he should have a lien thereon. It was stipulated, simply, that he was to have a "reasonable contingent fee, to be based on a percentage of the property recovered." This agreement did not operate as an assignment of the subject-matter of appellants' cause of action, or create an equitable lien upon the property claimed by reason of that cause of action. 6 C. J. 742, 778; Finkelstein v. Roberts (Tex. Civ. App.) 220 S. W. 401; Cotton Co. v. Simmons, 39 Tex. Civ. App. 189, 87 S. W. 842; Drilling Co. v. Tyler (Tex. Civ. App.) 233 S. W. 548.

These conclusions lead to the further conclusions that under the allegations in his petition appellee had no right to intervene in the suit, or to interfere with the right of the parties to compromise, settle, or otherwise dispose of the suit.

Accordingly, the order granting the injunction is reversed, and the injunction is dissolved, at the cost of intervener.