## HALL v. ELLWOOD.

### No. 10723.

Court of Civil Appeals of Texas. Dallas.

Nov. 25, 1930.

Rehearing Denied Jan. 3, 1931.

Carter & Berwald, of Dallas, for appellant.

House & Wilson, of Dallas, for appellee.

VAUGHAN, J.

This appeal is before us without a statement of facts; hence the following lengthy statement from the transcript of the record was made necessary in order to determine whether or not reversible error, as urged by appellant, appears as a matter of law upon the face of the record.

Appellant, Hall, assignee of G. N. Stevens and R. B. Clark, filed this suit against appellee, Ellwood, on May 29, 1929, on six certain promissory notes alleged to have been executed by appellee on February 2, 1927, payable to appellant's order; five of said

notes being for the principal sum of $90 each, payable respectively on the 1st day of May, June, July, August, and September, and one for $40 payable November 1, 1928, with interest from date until paid at the rate of 8 per cent. per annum, and providing for the payment of 10 per cent. attorney's fee if not paid when due and placed in the hands of an attorney for collection. It is further alleged that said notes were executed in part payment for all of the stock and fixtures known as the Henderson Avenue Pharmacy, situated in that certain building known as 2535 North Henderson avenue, city of Dallas, Tex., that said notes are past due and unpaid, and defendant, though often requested, had failed and refused to pay same or any part thereof, to plaintiff's damage in the whole amount due thereon in principal, interest, and attorney's fee, which sum amounted to $592.20 on May 2, 1928.

Appellee answered that appellant sold and conveyed to him, by written transfer, all of the stock and fixtures of the Henderson Avenue Pharmacy in the city of Dallas for $2,250, of which $950 was paid in cash for the stock of merchandise, and the balance was represented by notes given for the fixtures and the appellant warranted title to said property; that appellee was notified before May 1, 1928, by Boedeker Manufacturing Company, that it was the owner of the Frigidaire ice cream cabinet located at said place of business; that appellee had purchased said cabinet from appellant at said sale, and appellant warranted the title to same, which cabinet was of the reasonable value of $500; that he notified appellant that he was ready to pay the balance of the purchase price of said property upon appellant furnishing him good title to all of said property; that appellant failed and refused to deliver to appellee good title to said cabinet, and claimed the same belonged to Boedeker Manufacturing Company and failed and refused to accept the balance of the purchase price for said property, less the actual value of said cabinet, and informed appellee that he would not furnish good title to said cabinet and would not accept less than the full amount of said notes; that in truth appellant did not have title to said cabinet, but same was claimed by Boedeker Manufacturing Company; that appellee was not due appellant any sum whatever. Appellee thereupon set up the claim of Boedeker Manufacturing Company to said cabinet and alleged that it was a necessary and proper party to the suit in order that the title to and right of appellant to convey said property to appellee be determined; that the consideration for the execution of said notes had partially failed, in that same were executed in payment of said cabinet. Appellee prayed that Boedeker Manufacturing Company be made a party defendant and for judgment that appellant take nothing against appellee, Ellwood, and for costs.

Boedeker Manufacturing Company answered that it was the owner of the ice cream cabinet in question, and that appellee owed it certain sums for ice cream sold to him, for electric current furnished to operate said cabinet, and as rentals on said cabinet, for all of which it sought judgment.

Appellee, Ellwood, by supplemental petition, replied to the answer of Boedeker Manufacturing Company, setting up matters that related to the controversy between them, which are not involved in this appeal. At the conclusion of the allegations, in reply to Boedeker Manufacturing Company's answer, appellee, Ellwood, in the alternative, in the event it should be determined that he was due said Boedeker Company the sums alleged, prayed for judgment against appellant "on his warranty" of title to said cabinet for a like sum and "for the value of said cabinet."

The case was tried to a jury, one issue being submitted; the issue and answer being to the effect that appellant sold the ice cream cabinet in question to appellee, Ellwood.

Upon this issue and answer, the court rendered judgment in favor of appellant against appellee, Ellwood, for the amount sued for, less "a credit of $448.11, the value of said Frigidaire six-hole ice cream cabinet on February 2, 1927," sold as a part of the assets of said business, which sum was credited upon the principal of said notes. The judgment awarded the cabinet to Boedeker Manufacturing Company, and also $58.25 rentals, as against appellee, Ellwood, and provided that said company take nothing on its cross-action against appellant, and did not award court costs to appellant, against appellee, Ellwood. On the other hand, it awards costs in favor of Boedeker Manufacturing Company against appellant jointly with appellee, Ellwood.

The following propositions presented by appellant in support of his appeal are properly before us for consideration; same being based upon and supported by grounds for a new trial duly presented by appellant to and ruled upon by the trial court:

"No. 2. The measure of damages for breach of warranty of title is the price paid for the property, the title to which failed, with interest, so the defendant's answer, setting up a breach of warranty of title to the cabinet in question and seeking damages by way of a credit on the purchase money notes sued on, not alleging the amount of the purchase price of said cabinet, does not support the allowance of credit in the judgment or authorize any deduction from the amount sued for."

"No. 4. This suit being defended on the ground of breach of warranty of title to the

894

cabinet in question and partial failure of consideration because of such breach and the judgment showing on its face that the court allowed a deduction or credit on the purchase money notes sued on in the sum of $448.11 as the 'value' of the cabinet in question, and not the amount of the purchase price thereof, it appears affirmatively from the judgment itself that the court erred in finding that sum as the proper credit on the purchase money notes and in rendering judgment allowing such credit."

"No. 6. When the trial court is authorized to adjudge costs against the prevailing party, it must be for good cause set out in the record, and since the judgment in this cause sets out no good cause for not awarding costs to plaintiff, the judgment below must be reversed."

We will consider propositions 2 and 4 as being component parts of one and the same proposition as same co-ordinate in bearing upon the major feature of the case, as presented by this appeal. This appeal, as presented by appellant's assignments of error, involves only the case as made on pleadings by and between appellant and appellee, Ellwood; therefore no other feature of said cause will be discussed. Appellant sought to recover judgment against appellee, Ellwood, on account of the six promissory notes alleged to have been executed by said Ellwood to appellant as assignee. No defense to the cause of action thus alleged was presented by appellee, other than that of partial failure of consideration. As, under the state of the record, it must be assumed that said defense as alleged by appellee was correctly and fully established, it is only necessary, in order to dispose of the question presented by said propositions, to determine whether or not the judgment was properly rendered on the defense thus established.

It is affirmatively shown by the following adjudication made by the trial court that its judgment was rendered solely upon the answer of the jury to the one special issue submitted, and findings of fact made by the court, viz.:

"The court * * * concludes from the findings of the jury and the issues presented by the pleadings and the evidence, that the defendant, J. D. Ellwood, is entitled to a credit of $448.11, the value of said * * * ice cream cabinet on February 2, 1927, which was sold as a part of the assets of the Henderson Avenue Pharmacy, said sum to be credited upon the principal of the series of notes sued upon by the plaintiff in his petition, aggregating the sum of $490, and that the plaintiff is entitled to recover the difference between said principal sum and the value of said cabinet, being $41.89, with interest thereon from February 2, 1927 to May 10, 1929, aggregating $7.64, and attorney's fees in the sum of $4.95, with interest thereon

from this date until paid at the rate of 8% per annum."

This we do not think was sufficient to establish appellee's defense of partial failure of consideration. The burden was upon appellee to allege and prove facts showing what portion of the consideration failed by alleging and proving the amount of the notes sued upon that represented the purchase price of said cabinet, part of the fixtures sold to appellee by appellant for $1,400, as appellee's measure of damages sustained by him on account of the alleged partial failure of consideration was the amount contracted to be paid for said cabinet with interest from the time it was paid, and not the value of said cabinet, the title to which had failed. In other words, appellee's measure of damages for breach of warranty of title to said cabinet was the purchase price thereof with legal interest from the date of payment; the real value of said ice cream cabinet being entirely an immaterial inquiry. Elliott, Jones & Co. v. Waurika Oil Ass'n (Tex. Civ. App.) 253 S. W. 601; Harrell v. Broome (Tex. Civ. App.) 50 S. W. 1077; Anding v. Perkins, 29 Tex. 348; Merryfield v. Willson, 14 Tex. 224, 65 Am. Dec. 117; Speckard v. Mendenhall (Mo. App.) 253 S. W. 166; Randon v. Barton, 4 Tex. 289; Anderson v. Duffield, 8 Tex. 237; Scranton v. Tilley, 16 Tex. 183.

Appellee was content to allege only the value of the cabinet and partial failure of consideration for the notes on that account, when he should have alleged and proved the amount paid or contracted to be paid for said cabinet. This we think clearly presents fundamental error on the face of the record, requiring the judgment of the trial court to be vacated and this cause remanded. 8 C. J. § 1206; Moorehead v. Davis, 92 Ind. 303; Morgan v. Hendrie, 34 Colo. 25, 81 P. 700, 7 Ann. Cas. 935.

In the case of Moorehead v. Davis, supra, a general and well-recognized rule was stated and followed, viz.: "Where there is a partial failure of title, the damages should bear the same proportion to the whole purchase-money as the value of the part to which the title fails bears to the whole property, estimated at the price paid."

As complained of by appellant's sixth proposition, the trial court, without good cause stated in the record, adjudged costs against appellant. This adjudication was error. Article 2056, R. S. 1925 deals with the question of taxing costs as follows: "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." Authority to otherwise adjudge costs is provided for by article 2066, Id., viz.: "The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided in this chapter." Under the following deci-

sions it has been uniformly ruled that, in order for a trial judge to adjudge costs against the successful party to a suit, (a) there must exist a good cause, viz. extraordinary reasons for exercising the power conferred by said article 2056; and (b) that the good cause upon which the court is so moved to act must be stated in the record viz. as a part of the judgment entered in the minutes of the court: Bellamy v. McCarthy, 75 Tex. 293, 12 S. W. 849; Haynes v. American Benefit Ass'n (Tex. Civ. App.) 283 S. W. 199; Bryan v. McKinney (Tex. Civ. App.) 279 S. W. 475; Nail v. Wolfe City National Bank (Tex. Civ. App.) 158 S. W. 1166; Vacuum Oil Co. v. Liberty Refining Co. (Tex. Civ. App.) 251 S. W. 321; Moroney Hdwe. Co. v. Goodwin Pottery Co. (Tex. Civ. App.) 120 S.W. 1088; Fewell v. Kinsella Hat Co. (Tex. Civ. App.) 144 S. W. 1174; Eastland County v. Chapman (Tex. Com. App.) 278 S. W. 425; Duren v. Bottoms, 60 Tex. Civ. App. 355, 129 S. W. 376.

By reason of the errors above pointed out, appearing on the face of the record, fundamental in effect, the judgment of the trial court is reversed, and this cause remanded for further proceedings, as between appellant and appellee; the judgment as between other parties thereto not being in any respect disturbed.

Reversed and remanded.