### CLARK v. TURNER et al.

No. 11908.

Court of Civil Appeals of Texas. Dallas.

March 21, 1936.

Wood & Wood, of Dallas, for plaintiff in error.

J. L. Turner, of Dallas, for defendants in error.

BOND, Justice.

On September 21, 1932, in a district court of Dallas county, Tex., F. I. Glenn, plaintiff, instituted this suit against N. W. Clark, defendant, to recover a deficiency out of a mortgage note and indebtedness, the mortgage property having been sold under the power of sale in a deed of trust and the consideration applied to the debt due, leaving a balance in the sum of $2,052.30. Clark being a nonresident of the state, the plaintiff caused a writ of attachment to be issued and levy made upon other property belonging to the defendant, and sought to have it and the rents therefrom applied to the payment of the deficiency indebtedness.

On November 21, 1932, the defendant, Clark, through his attorney, J. L. Turner, filed answer consisting of general demurrer, special exceptions, general denial, waiver, and estoppel, and prayed that the plaintiff take nothing by virtue of his suit.

There seems to have been no further action taken in the case until January 4, 1934, at which time J. L. Turner filed a plea of intervention in his own behalf, alleging that he was employed in the main suit by the defendant as an attorney, to prepare and file answer and defend him in that suit, and to save to him the attached property from the payment of the alleged debt; that he "understood from the language of defendant and from all of his conversations and conduct" he was to defend the case fully; and that the defendant was to pay him for his services a contingent fee to be determined on a reasonable percentage of the value of whatever property was saved to the defendant in the suit; and, in case nothing was gained or the intervener unable to get any relief in said cause or save the property in suit to the defendant, then, in either event, the intervener would not receive any compensation for his services. The intervener further alleged that he fully performed the services under the alleged contract, succeeded "in getting the case in shape to obtain a judgment in favor of the defendant, relieving him of all demands prayed for"; prevented the property in controversy from being applied to plaintiff's demand, and arranged to have canceled, in a judgment to be thereafter entered, the deficiency indebtedness involved in the suit.

The defendant Clark was served with a nonresident notice of the plea of intervention; and, on March 5, 1934, through other attorneys employed by him, filed answer, challenging the sufficiency of the plea as to constitute a cause of action, and excepting to the intervention on the ground that the intervener does not show a causal interest or connection in the subject-matter of the main suit.

The case was tried to the court, without a jury, resulting in a judgment being entered that the plaintiff, F. I. Glenn, take nothing by his suit, and that defendant, Clark, "go hence without day and pay all costs incurred in the main suit, as well as the cost incurred in said intervention"; and in favor of the intervener, J. L. Turner, against the defendant, Clark, for the sum of $2,000, and for a foreclosure of an attachment lien on the property levied upon by the writ sued out by the plaintiff, Glenn. The defendant, Clark, alone appeals.

■ The record reaches this court, without a statement of facts; and, furthermore, no action of the trial court seems to have been urged on the exceptions challenging the right of Turner to intervene in the case. Therefore, the main question involved on this appeal is one of fundamental error.

The action of the court in rendering the judgment on the pleading of the intervener is manifestly erroneous, so potent that the appellee himself, in brief before this court, recognizes that his plea of intervention did not authorize the entry of a judgment against the defendant in the sum of $2,000 founded upon an alleged contract for legal services rendered in a suit involving only $2,052.30; nor did his suit justify a foreclosure of an attachment lien, for the reason there was no allegation to support such relief. Consequently, to avoid, if possible, a reversal of this case, the intervener expressly waives the judgment of foreclosure and files a plea of remittitur for all amount in judgment in excess of 25 per cent. of the $2,052.30. If the waiver and remittitur could be considered by this court, as cure-all for the error assigned, it would be the duty of this court to reform, and then affirm the judgment of the lower court, for an amount calculated on the basis of percentage and on the amount stated above. We fail to see how such can be done.

■ In appellee's plea of intervention, he clearly presents an independent action against the defendant, to which the plaintiff, Glenn, and the subject-matter of the main suit was in no way involved. The intervener's suit is based solely upon an alleged contract made with the defendant, in which he agreed to perform certain legal services, and for which the defendant, Clark, agreed to pay him a reasonable percentage of the value of all property saved in the litigation. Giving to it the most favorable view to the intervener, the pleadings show that the services contracted had been performed prior to the time of the filing of his plea of intervention, the only thing remaining being the entry of the judgment. The intervener claimed no interest in the subject-matter of the main suit, had no assignment or transfer of interest in the property, thus, his plea of so-called intervention must be considered as presenting a new cause of action, which should have carried all of the necessary jurisdictional requirements as to amount, etc., the same as if filed independently of the main suit.

■ The mere fact that Turner was granted leave to intervene by a court of competent jurisdiction of a pending suit, when, in fact, the intervener would have had no such right to intervene had exceptions been urged thereto, did not confer jurisdiction of the intervening cause of action, especially where no right, wrong, or remedy of the intervener is involved in the main suit. Watkins v. Citizens' Nat. Bank of Rockwall, 53 Tex.Civ.App. 437, 115 S.W. 304; Randals v. Green (Tex.Civ.App.) 258 S.W. 528; Wheeler v. Fronhoff (Tex.Civ. App.) 270 S.W. 887; Besteiro v. Besteiro (Tex.Civ.App.) 7 S.W.(2d) 124; 5 Tex. Jur. p. 514, § 101. An independent cause of action, it matters not what form the pleadings may take, will not dispense with the necessity of alleging jurisdictional facts so as to confer jurisdiction on the court trying the cause.

■ So, in the instant case, Turner's suit being an independent cause of action to the main suit, and it failing to show affirmatively that the court had jurisdiction in amount, the judgment rendered thereon is a nullity. The jurisdictional facts pleaded in the main suit cannot be considered as to confer jurisdiction on the court of Turner's suit brought into the main case by intervention, where the intervening cause pleaded is not shown to be either germane to the main suit or jurisdictional facts otherwise alleged. A suit, whether filed separately or conjunctively, must stand on its own allegations, independently of the other, unless and when joined, the parties and subject-matter are so connected as to in-

volve a single cause of action. The allegation that intervener is entitled to a reasonable percentage on the property saved to the defendant, without stating the amount in suit, is not sufficient allegation to confer jurisdiction on the trial court; thus, the judgment rendered thereon presents fundamental error, and a reversal of the cause.

█ Assignment is further made of the action of the court in rendering judgment, taxing all costs against defendant, without sufficient cause therefor being stated in the record. We sustain this assignment.

In the case of Hall v. Ellwood, 34 S.W. (2d) 892, 894, this court, speaking through Judge Vaughan, said: "Article 2056, R.S. 1925 deals with the question of taxing costs as follows: 'The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided.' Authority to otherwise adjudge costs is provided for by article 2066, Id.; viz.: 'The court may for good cause, to be stated on the record, adjudge the costs otherwise than as provided in this chapter.' Under the following decisions it has been uniformly ruled that, in order for a trial judge to adjudge costs against the successful party to a suit, (a) there must exist a good cause, viz. extraordinary reasons for exercising the power conferred by said article 2056; and (b) that the good cause upon which the court is so moved to act must be stated in the record viz. as a part of the judgment entered in the minutes of the court. [Authorities.]"

The trial court may have had a good cause to tax all costs against the defendant, who was the successful party in the suit against the plaintiff; if so, the cause should have been stated in the judgment. The record reveals no reason for the action of the court, and we see none; the cost should have followed the judgment, unless some cause exists why it should be taxed otherwise.

The judgment of the lower court decreeing to plaintiff, Glenn, nothing by virtue of his suit, no complaint having been urged, is affirmed; and the judgment in favor of the intervener, Turner, and taxing all costs in the main suit against the defendant, is reversed, and as to them, the cause is remanded; all costs on appeal is taxed against the intervener.

Affirmed in part, reversed and remanded in part.