WILLIAM J. KINSER, Appellee, vs. ROBERT E. M. COWIE et al. Appellants.

*Opinion filed June 18, 1908—Rehearing denied October 8, 1908.*

CONTRACTS—*when purchaser of shares of stock may rescind contract and recover purchase money.* A purchaser of shares of stock in a corporation may rescind the contract and recover the purchase money from the vendor where the vendor refuses to deliver the stock certificate as agreed; and this is true whether the title to the stock passed to the purchaser without delivery of certificate, or not.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

ZEISLER, FARSON & FRIEDMAN, for appellants.

JOHN A. BLOOMINGSTON, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Appellee, William J. Kinser, purchased of appellants, Robert E. M. Cowie, Charles H. Bohanon and Oscar J. Friedman, forty-one shares of the stock of the Porter Coinometer Company for $1250. He gave Cowie a check for $600 and received the following receipt:

"CHICAGO, ILLINOIS, *November 10, 1902.*

"Received of Mr. William J. Kinser, of the city of Chicago, Illinois, the sum of $600, being part payment of a total of $1250, the balance of which is to be paid on or before January 10, 1903, in consideration of which we are to turn over to said William J. Kinser forty-one shares of the capital stock of the Porter Coinometer Company, which is capitalized for $25,000.

ROBERT E. M. COWIE,
for Robert E. M. Cowie,
CHARLES H. BOHANON,
O. J. FRIEDMAN,
Owners of 167 shares of the Porter Coinometer Company."

On January 10, 1903, Kinser paid $600 of the balance and on February 14 the remainder. On January 16, 1903,

Cowie acknowledged receipt of the $600, and stated that the stock would be transferred to Kinser as soon as Bohanon returned from Mexico. The stock was never transferred to Kinser on the books of the company and no certificate was ever delivered to him, though he frequently demanded it. On December 23, 1904, Kinser began this action of assumpsit to recover the money paid, and recovered a judgment for $1348.90, which has been affirmed by the Appellate Court. To reverse this judgment of affirmance a further appeal is now prosecuted to this court.

The appellants' contention in the court below was that the title to the stock passed to the appellee whether the certificates were ever delivered to him or not, and they asked the court to give to the jury the following instructions, the refusal of which is the only error alleged and argued by them:

4. "The court instructs you that certificates of stock are merely evidence of title. The title to the forty-one shares of capital stock of the Porter Coinometer Company, which is the subject at controversy in this case, may have passed notwithstanding the fact that certificates of the said stock were never issued to the plaintiff. You are to determine whether title to said stock passed, and in determining this question you are to consider whether the plaintiff regarded himself as the owner of said stock, whether the defendants regarded him as the owner of said stock, and whether the plaintiff, Kinser's, acts in regard to the Porter Coinometer Company were consistent or not with the ownership of shares of stock of the Porter Coinometer Company. If his conduct was that of the possessor of stock then you may find that the title passed, and if you find that title did pass to the forty-one shares of stock, then you should find the issues for the defendants.

5. "The court instructs you that your decision in this case should depend upon the fact whether the defendants gave title to the plaintiff to forty-one shares of the capital

stock of the Porter Coinometer Company. If you find, from the evidence, that title did not pass then your verdict should be for the plaintiff, but if you find, from the evidence, that the title did pass to the forty-one shares of stock then you should bring in a verdict in favor of the defendants. Certificates of stock are merely evidence of title and do not themselves constitute title. It is not necessary, in order for the defendants to have given title to the plaintiff of the forty-one shares of capital stock of the Porter Coinometer Company, to have delivered the certificate or certificates for forty-one shares of the capital stock of the Porter Coinometer Company. Title may have passed irrespective of whether stock certificate or certificates were delivered to the plaintiff, and whether title passed is to be determined from all the evidence introduced in this case. In determining this question the acts of both plaintiff and defendants in regard to their dealings with the Porter Coinometer Company should be considered, and especially all those acts of the plaintiff whereby he regarded himself as the owner of the said forty-one shares of stock, and wherein he participated in the conduct of the affairs and negotiations and transactions in which the Porter Coinometer Company was interested."

These instructions were properly refused. The question whether title to the stock passed without delivery of the certificates was immaterial. The claim of the plaintiff was that he had bought the stock of the defendants and had a right to the evidence of his title, which the defendants wrongfully refused to deliver to him, and that having demanded the certificates which they had agreed to turn over to him, upon their refusal he had a right to rescind the contract and recover the purchase price which he had paid. It is no defense to such a claim that he had the title to the stock. The title to the stock was of no value if he had no evidence of it. The only evidence the corporation would recognize or was bound to recognize was the certificates.

235—25

The plaintiff could have no standing with the corporation as a stockholder and could not compel a transfer of the stock on the books of 'the corporation to himself as a purchaser without the certificates. As a purchaser of the stock he was entitled to the certificates, and if their delivery was refused, to have the money paid refunded to him. Appellants claim that it was agreed at the time of the sale that no stock should be issued until a re-organization of the company was had, with an increased capital. The instructions are not, however, based upon any such hypothesis.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*