Submitted on briefs May 24, affirmed June 1, 1915.

# WATKINS  *v.*  RECORD  PHOTOGRAPHING ABSTRACT CO.

(149 Pac. 478.)

**Action—Forms of Action—Statutory Provisions.**

1.   Though under Section 1, L. O. L., providing that the distinction theretofore existing between forms of actions at law is abolished, and that there shall be but one form of action at law for the enforcement of private rights or the redress of private wrongs, forms of action have been abrogated, the substance of the common-law actions remains.

**Corporations—Specific Performance—Stock Subscription—Failure to Deliver Stock—Remedies.**

2.   A party who has advanced money on account of the purchase of corporate stock which is not delivered to him may sue for specific performance or for his damages occasioned by the breach, or he may rescind the contract and sue in *assumpsit* for the recovery of the sum paid as money had and received.

> [As to specific performance of contracts for sale of corporate stock, see note in 135 Am. St. Rep. 689.]

From Coos: JOHN S. COKE, Judge.

Statement by Mr. Chief Justice Moore.

This is an action by George Watkins against the Record Photographing Abstract Company, a corporation, to recover money. The complaint states, in effect, that the defendant is a corporation and the plaintiff a duly licensed attorney of Oregon; that during the year 1912, and prior to June 1st thereof, the plaintiff, at the request of the defendant, performed for it professional services of the reasonable value of $100; that in the years 1912 and 1913, at the further request of the defendant, the plaintiff paid out for its exclusive use and benefit sums of money, giving the respective dates and items thereof, amounting to $646.55; "that defendant received and accepted the same and the benefit arising therefrom, and promised and agreed to pay plaintiff therefor in its capital stock at par when his demands should be presented and audited, and plaintiff agreed to accept the same; that during the month of April, 1913, plaintiff prepared and delivered to defendant an itemized statement of his claims and demands against it substantially as above set forth, * * and demanded that defendant audit and allow the same and issue plaintiff stock therefor as agreed; that defendant then and there wrongfully refused and neglected to audit or allow plaintiff's claims and demands or to issue or deliver to plaintiff any stock or to do anything at all in the matter in violation of its promises and agreements"; that the defendant wrongfully refuses to carry out such engagement to plaintiff's loss in the sum of $746.55, for which judgment is demanded.

The answer admits each allegation of the complaint in respect to the reasonable value of the services so performed and of the several sums of money so paid, but denies the remaining averments. For a further

defense it is alleged, in substance, that during the
year 1912 the defendant was duly organized by the
plaintiff, together with W. J. Rust and Edward A.
Harris, who severally subscribed for $1,700 of the stock
of the corporation, and each was elected a director and
officer thereof; that by resolution of the directors it
was determined that the value of any services per-
formed and the equivalent of any money paid by either
of them at the request of the defendant should be
credited on account of his subscription; that at all
times the defendant has been ready and willing to
issue to the plaintiff, in satisfaction of his demands, its
capital stock in shares of $100 each, the par value
thereof, and ''now tenders'' the same to him in pay-
ment of his claim; that the defendant has heretofore
been unable to make such tender, because the plaintiff,
as an officer of the corporation, refused to surrender
to it the books, stock certificates, etc., of which he had
the exclusive possession.

The reply denies the allegations of new matter in
the answer, except it admits that on April 22, 1912,
each person named subscribed for capital stock of the
corporation in the sum stated, whereupon directors
were elected as follows: Rust for three years; Harris
for two; and the plaintiff for one. It alleges that on
August 2, 1912, by resolution of the board of directors,
the plaintiff's subscription, with his consent, was re-
duced to ten shares; that the stock-book was left in the
possession of the plaintiff, who has cared for it with-
out any demand having been made for its delivery;
and that since April 22, 1913, he has not been a
director of the corporation.

Based on these issues the cause was tried, resulting
in a judgment as prayed for in the complaint, and the
defendant appeals.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Peck & Peck* and *Mr. J. M. Upton.*

For respondent there was a brief submitted by *Mr. Charles I. Reigard* and *Mr. George Watkins.*

Opinion by MR. CHIEF JUSTICE MOORE.

It is maintained by the appellant that the pleadings disclose a cause of action founded upon an express contract whereby the defendant was to deliver its capital stock at par to the plaintiff in settlement of his demand; that the wrong complained of is the non-observance of the terms of that agreement, thereby limiting the recovery to the market value of such stock at the time of the breach, and, such being the case, an error was committed in construing the complaint as stating a cause of action in *assumpsit.* This postulate is denied by respondent's counsel, who asserts that, where a party to an agreement refuses to comply with its terms, the other party thereto, if not himself in fault, may elect to treat the contract as rescinded, and recover what he has paid thereon, in the nature of an action in *assumpsit* on an implied contract as for money had and received.

1. Our statute relating to the forms of action reads:

"The distinction heretofore existing between forms of actions at law is abolished, and hereafter there shall be but one form of action at law, for the enforcement of private rights or the redress of private wrongs": Section 1, L. O. L.

Though the forms have thus been abrogated, the substance of the common-law actions remains: *Weber*

v. *Rothchild,* 15 Or. 385 (15 Pac. 650, 3 Am. St. Rep. 162) ; *Hornefius* v. *Wilkinson,* 51 Or. 45 (93 Pac. 474) ; *Lee Tung* v. *Burkhart,* 59 Or. 194 (116 Pac. 1066) ; *Van de Wiele* v. *Garbade,* 60 Or. 585 (120 Pac. 752).

2. In discussing the subject of subscriptions for capital stock, a text-writer remarks:

"The corporation is bound, upon demand, to deliver to a stockholder a certificate of stock representing his interests in the corporation. If it refuses to issue the certificate, the stockholder may bring suit in equity to compel its issuance, or he may recover of the corporation in *assumpsit* the value of the stock at the time of the demand": 1 Cooke, Corp. (7 ed.), § 61.

In *Swazey* v. *Choate Mfg. Co.,* 48 N. H. 200, the plaintiff, having advanced to a corporation money for shares of stock which were not issued to him, rescinded the agreement and brought an action in *assumpsit* for money had and received, and it was held that a recovery could be had. Mr. Justice BELLOWS, speaking for the court in deciding the case, observes:

"By the terms of the receipt the defendants were to issue to the plaintiff the stock of the corporation to the amount of the $300 paid by him, which, as the case finds, was three shares; and it may fairly be inferred that defendants were to deliver to the plaintiff the proper evidence of the issuing of that stock, that is, the usual certificates. On the refusal of the defendants to issue the stock the plaintiff might maintain a suit on the contract and recover damages for the breach of it, or he might rescind the contract and recover back the money so paid."

So, too, in *Kinser* v. *Cowie,* 235 Ill. 383 (85 N. E. 623, 126 Am. St. Rep. 221), it was ruled that a purchaser of shares of stock in a corporation might rescind the contract and recover the purchase money from the vendor when the latter refused to deliver the stock

certificate as agreed: See, also, *Morgan* v. *Hendrie,* 34 Colo. 25 (81 Pac. 700, 7 Ann. Cas. 935).

Mr. Thompson, in his work on the Law of Sales of Stocks and Bonds, 123, 124, in treating of actions in *assumpsit,* says:

"A buyer's measure of damages against the seller for failure to perform a condition precedent to the sale, on paying the purchase money, is usually the amount of his purchase money."

The rule to be deduced from these authorities is that a party who has advanced money on account of the purchase of corporate stock which is not delivered to him has a choice of the following remedies: (1) He may, in some jurisdictions, maintain a suit in equity for specific performance, and compel a delivery of the stock; (2) he may treat the executory agreement as subsisting and recover the damages occasioned by the breach; or (3) he may rescind the contract and maintain an action in *assumpsit* for the recovery of the sum paid as money had and received. The plaintiff herein has proceeded upon the theory of accepting as a rescission of the executory contract the defendant's failure to issue the certificates of stock, and has adopted the third remedy stated to recover the money and value of services he advanced in payment of his subscription.

Several disputed questions of fact were settled by the verdict, and require no consideration. Other assigned errors are deemed immaterial.

It follows that the judgment should be affirmed, and it is so ordered.                    AFFIRMED.