Argued April 19, affirmed June 26, 1928.

# WM. L. HUGHSON COMPANY *v.* NORTHWEST-ERN NATIONAL BANK ET AL.

(268 Pac. 756.)

For appellant there was a brief over the name of *Mr. E. M. Morton,* with an oral argument by *Mr. George L. Rauch.*

For respondent there was a brief over the name of *Messrs. Carey & Kerr,* with an oral argument by *Mr. Omar C. Spencer.*

BELT, J.—This is an action to recover damages for trespass to personal property. In September, 1920, the plaintiff sold, under the terms of a conditional sales contract, three autotrucks and nine trailers to the Dufur Orchards Co-Owners Co., a corporation, engaged in the operation of large orchard tracts in Wasco County. In January, 1921, the purchaser became involved in financial difficulties and was unable to make payments. Notwithstanding this default, the seller did not retake possession of the property. Soon thereafter a creditors' suit was instituted by Waltham Williams Company against the Dufur Orchards Co-Owners Co., and the defendant A. C. Churchill was appointed receiver. In the foreclosure proceedings all of the real and personal property of the Dufur Orchards Co-Owners Co. was sold to satisfy the various creditors. The autotrucks and

trailers which are the subject of this controversy were not included in this sale, however. The receiver, who was also president and manager of the Dufur Orchards Co-Owners Co., recognized the ownership and title of the plaintiff in the property in question. Prior to the sale, the interests of the defendants Portland Trust and Savings Bank and the Northwestern National Bank, creditors of the Dufur Orchards Co-Owners Co., were assigned to the defendant Washington Securities Company, purchaser at this foreclosure sale. In March, 1923, the latter company sold and transferred its interests to the defendant Dufur Farm and Fruit Company, which, under a reorganization plan formulated by those interested in the Dufur Orchards Co-Owners Co., continued to operate and develop the orchard tracts under the management of the defendant A. C. Churchill. An arrangement was made by Mr. Hughson, president of plaintiff corporation, with the defendant Churchill that the autotrucks and trailers be left in possession of the Dufur Farm and Fruit Company with the expectation and hope that they be sold together with the holdings of the latter company and that the proceeds thereof be remitted to the plaintiff. As to the terms of this oral agreement the parties do not altogether agree. Mr. Hughson testified that this personal property was left with the Dufur Farm and Fruit Company to be stored for the purpose of sale and that it was not to be used. It is conceded by defendants that the autotrucks and trailers were used intermittently during 1923 and at the close of that year were, in accordance with the instructions of the plaintiff, stored in a warehouse on property not belonging to the Dufur Farm and Fruit Company. Prior to the commencement of this action no demand

was ever made by plaintiff for return of the machines nor was there any evidence that defendants, or either of them, ever made any claim of title or ownership in them, although automobile licenses in 1923 were taken in the name of the Dufur Farm and Fruit Company. In reference to the matter of obtaining licenses for 1923, counsel for appellant says: "There was the unlawful taking and thereafter ensued the detention of which complaint is made."

The gist of plaintiff's action is thus alleged:

"That on or about said 27th day of January, 1923, defendants wrongfully, unlawfully, wantonly and with total disregard of plaintiff's rights, by force and arms, took said personal property from the possession of Dufur Orchard Co-Owners Company and ever since have wrongfully, unlawfully, wantonly and with total disregard of plaintiff's rights, detained, used and wholly worn out the same to the compensatory damage of plaintiff in the sum of $10,000.00 and to its punitive damage in the sum of $2500.00."

At the conclusion of plaintiff's case in chief defendants moved for a judgment of nonsuit upon two grounds: (1) that there was no proof of trespass as to any one of the defendants; and (2) that there was no proof of damage caused by the alleged trespass. The trial court allowed the motion and entered judgment accordingly. Hence this appeal.

██ It will be observed that the complaint in this case is one in trespass and not for conversion. While the Code has abolished forms it has not destroyed the substance of common-law pleadings: *Watkins* v. *Record Photographing Abstract Co.*, 76 Or. 421 (149 Pac. 478), and cases therein cited. The gist of an action for trespass to personal property is the disturbance of the owner's possession. In conversion there is a wrongful exercise of dominion and owner-

ship of personal property, inconsistent with and in denial of the rights of the owner: *Hunt* v. *First National Bank of Halfway,* 102 Or. 398 (202 Pac. 564). In the instant case, if plaintiff's testimony is to be believed, there was a tortious act on the part of the defendant Dufur Farm and Fruit Company and its agent, defendant A. C. Churchill, in using the trucks and trailers. Not every trespass, however, amounts to conversion. Never did defendants deny plaintiff's title nor its right to possession.

 Relative to the measure of damages, the record is replete with testimony which would be proper in an action for conversion, but has no relevancy in one in trespass. In the former action, the general rule as to measure of damages is the market value of the property at time and place of conversion. Where the property has been returned to and received by the owner, the rule is to deduct from the market value at time and place of conversion the value of the property at the time it is returned: *Lee Tung* v. *Burkhart,* 59 Or. 194 (116 Pac. 1066). Much testimony relative to the depreciation of the property was offered in keeping with the rule last stated. Let us state again, however, that this is not an action for conversion. Plaintiff was not entitled to be compensated for any depreciation in the value of the machines merely by reason of their being in possession of the Dufur Farm and Fruit Company, as this was in accordance with its agreement. It was entitled, however, to recover the reasonable value of the use of the machines if defendants were guilty of the alleged tortious act. Evidence relative to such measure of damages should have been offered. As stated in *Jeffries* v. *Pankow* (on rehearing), 112 Or. 443 (229 Pac. 903):

"The mere use of the property constitutes no more than a trespass which may be compensated by the actual damage inflicted upon the owner, which would be covered by the reasonable value of the use to which it was put. It would be grossly unjust to lay down as a hard-and-fast rule that because A had used the property of B to some extent he should be compelled to buy the same or what is in the same effect, to pay as damages the full value of the property."

It is the policy of the law to allow full and complete compensation for damages sustained: *Preble* v. *Hanna*, 117 Or. 306 (244 Pac. 75); but to compel the purchase of these machines merely on account of an alleged wrongful use is not justice nor in keeping with well-established principles.

We see no reason for having made defendants in this action any of the parties other than the defendant Churchill and his principal, the defendant Dufur Farm and Fruit Company. It would greatly extend this opinion to recite the facts upon which plaintiff relies to establish their liability, and we are not inclined so to do. None of them, other than the two defendants above named, had anything to do with the operation of these machines. The mere fact that some of the corporations had common officers certainly would not be the basis upon which to predicate damages. No fraud or conspiracy is charged.

The judgment of the lower court is affirmed.

AFFIRMED.

RAND, C. J., and BEAN and McBRIDE, JJ., concur.