Submitted on briefs January 25, affirmed as to W. A. Hattrem
and reversed as to J. R. Hattrem, April 2, 1929.

# A. JOHNSON *v.* W. A. HATTREM AND J. R. HATTREM.

(275 Pac. 913.)

For appellant there was a brief over the names of *Mr. T. B. Handley* and *Mr. F. S. Sever.*

For respondents there was a brief over the names of *Mr. G. G. Smith* and *Mr. W. L. McFarling.*

RAND, J.—Defendants appeal from a judgment in favor of plaintiff for the sum of $670, together with interest and costs. The action was tried without the intervention of a jury. The trial court made findings of fact upon all the material issues in the case. The evidence established and the trial court, in effect, found that one D. Alm contracted with defendant, W. A. Hattrem, to construct a dwelling-house for him and furnish all labor and material necessary to complete the same for which it was stipulated he should be paid a specified sum and Alm entered into a 'subcontract with plaintiff whereby it was agreed that plaintiff should do the painting and furnish all labor and material therefor for which it was stipulated he should be paid the sum of $670. Both contracts have been completely performed and no part of the amount due plaintiff has been paid. After the completion of the building, a settlement was had between defendant and Alm in which settlement defendant agreed that $670 was due plaintiff and said sum was deducted by defendant from the total amount then due Alm under his contract with defendant, under the promise and agreement on defendant's part to pay said sum to

plaintiff and discharge and release Alm from his liability to pay said sum to plaintiff. The money to meet all payments then due on the building, including plaintiff's claim, was furnished by a mortgage company with the understanding between the mortgage company and defendant that all demands which might be lienable against the building should be paid and with the understanding and agreement between defendant and Alm that defendant should retain said sum of $670 and pay the same to plaintiff and thereby discharge Alm from his liability to plaintiff under said subcontract.

The cause of action stated in the complaint was in the form of an action for money had and received for the use and benefit of plaintiff.

█ █ It is now contended that under the evidence plaintiff is not entitled to recover in an action for money had and received. That question was not raised or passed upon by the trial court but if it had been we think that the contention should not have been sustained. The complaint clearly stated a cause of action and there was, we think, sufficient evidence to support the finding that defendant came into possession of the money for the use and benefit of plaintiff and that, under the facts proven, it would be inequitable for him to retain it. While under our Code the distinction between forms of action at law is abolished, it is the form only and not the substance of the action that has been abolished: *Weber* v. *Rothchild*, 15 Or. 385, 390 (15 Pac. 650, 3 Am. St. Rep. 162); *Watkins* v. *Record Photo Abstract Co.*, 76 Or. 421 (149 Pac. 478). The common-law elements of an action for money had and received were alleged and found to exist by the findings of the trial court and there was evidence to support such findings.

■ Defendants also contend that the court erred in permitting plaintiff's counsel, over defendants' objection, to cross-examine the witness, W. A. Hattrem, in respect to matters which it is claimed were not covered in his direct examination and which it is also claimed were not relevant to the issues of the case. This was in respect to defendant's failure to pay other lienable items which he had contracted with Alm to pay. There was no objection made to the introduction of any of this testimony except as to questions which were answered before the objection was made and there was no motion to strike, and hence there could be no reversible error since the court had no opportunity to pass upon the objections.

■ Again, we think it was proper cross-examination in view of the answers which Hattrem had made when cross-examined as to matters testified to by him on his direct examination. But whether so or not, the case was tried without the intervention of a jury and the court could not be prejudiced by the introduction of this testimony. If it was inadmissible, as contended, the court was only required to disregard it and, if disregarded, there was other evidence sufficient to support the findings.

■ There was no evidence tending to show that J. R. Hattrem, wife of W. A. Hattrem, had any connection with the transaction out of which plaintiff's right of action arose, or that W. A. Hattrem was her agent or had authority to transact business for her or that she was in any way liable for his acts.

Judgment as to J. R. Hattrem will, therefore, be reversed without costs and as to the defendant, W. A. Hattrem, the judgment is affirmed with costs.

REVERSED AS TO J. R. HATTREM. AFFIRMED AS TO W. A. HATTREM.