Argued July 7, affirmed July 27, 1960

## BURGESS *v.* DOWNING
### 354 P. 2d 293

*James W. Walton,* Corvallis, argued the cause for appellant. On the brief were Ringo and Walton, Corvallis.

*Paul Gerhardt,* Portland, argued the cause for respondent. On the brief were Hampson, Weiss & Gerhardt, Portland, and Rodney P. Everhart, Toledo.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan and Holman, Justices.

PERRY, J.

This is an action by an insurance agent to recover premiums due him for insurance coverage furnished the defendant at defendant's special instance and request. The plaintiff prevailed and the defendant appeals.

The defendant's claim of error is that the trial court erred in overruling his demurrer to plaintiff's complaint. In general, the complaint alleges that plaintiff sold to the defendant policies of insurance and there is due and owing plaintiff from defendant the sum of $3,626.06. To the complaint plaintiff attached as an exhibit a statement setting forth the dates the policies were issued, the dates of expiration, the company with which the insurance was placed, the premiums charged, and the amount paid on account by the defendant.

■ The defendant points out that an exhibit cannot supply an essential averment in the pleading. With this contention we agree. *Anderson et al. v. Chambliss et ux.*, 199 Or 400, 262 P2d 298; *Andersen v. Turpin*, 172 Or 420, 142 P2d 999. Defendant then contends that "the complaint fails to state facts sufficient to constitute a cause of action in that there was no affirmative allegation in the complaint setting forth the reasonable value of the policies allegedly sold." (This averment of the amount of premiums charged being set forth in the exhibit attached.)

■ The defendant has misconceived the nature of the action. He has assumed the plaintiff has declared on the value counts of assumpsit (quantum meruit or

quantum valebat), whereas the plaintiff has declared on an open account or simple contract debt, which was at common law one of the common counts.

".." * * * While under our Code the distinction between forms of action at law is abolished, it is the form only and not the substance of the action that has been abolished: * * *.' [Johnson v. Hattrem, 129 Or 32, 34, 275 P 913]

"In Watkins v. Record Photo. Abst. Co., 76 Or 421, 149 P 478, Chief Justice Moore, after citing § 1, LOL (now ORS 16.020), at p 424, says: 'Though the forms have thus been abrogated, the substance of the common-law actions remains.' Also see W. L. Hughson Co. v. Northwestern Nat. Bank, 126 Or 43, 46, 268 P 756.

" 'Substance' is that which 'gives it its essential nature' (Webster's New International Dictionary (2d ed)) and as the word is used in those cases, it comprehends all of the essential or material elements necessary to sufficiently state a good cause of action, which make a complaint invulnerable to attack by general demurrer. * * *" *Hogan Alum. Lock Shingle Corp.*, 214 Or 218, 223, 329 P2d 271.

■ The substance of the action for debt is: (1) A statement of the debt and quid pro quo; (2) the breach or failure to pay; and (3) the damages or amount due. Shipman on Common-Law Pleading, Hornbook Series, 3rd ed, 263, §§ 128, 129.

The trial court properly overruled the defendant's demurrer.

The judgment is affirmed.