Argued and submitted January 21, reversed and remanded June 17, 2009

Jerry R. BECKER,
trustee of the Jerry R. Becker, M.D. Living Trust,
*Plaintiff-Respondent,*

*v.*

PACIFIC FOREST INDUSTRIES, INC.,
an Oregon corporation;
B. Matthew Stone,
individually;
Pacific Forest International, Incorporated,
an Oregon corporation;
McCormick Bark, Inc.,
an Oregon corporation,
*Defendants,*

*and*

Jack STONE,
*Defendant-Appellant.*

Marion County Circuit Court
01C12876; A135531

211 P3d 284

Robert C. Williamson argued the cause and filed the brief for appellant.

Norman F. Webb argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

### EDMONDS, P. J.

Defendant Jack Stone appeals a summary judgment in favor of plaintiff on defendant's counterclaim seeking money damages.[1] Plaintiff brought this action to, among other things, foreclose an alleged landlord's lien on certain wood materials that were stored on his real property.[2] Defendant, in turn, filed a counterclaim against plaintiff for conversion of the stored property. Defendant contends that there are genuine issues of material fact relating to his conversion claim, and, therefore, the trial court erred in granting summary judgment in plaintiff's favor on that claim. We reverse and remand.

On summary judgment, the moving party must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. ORCP 47 C. There is no genuine issue of material fact "if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." *Id.* On review, we view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the nonmoving party. *Garrison v. Deschutes County*, 334 Or 264, 266, 48 P3d 807 (2002).

This case arose out of a default on a commercial lease on real property owned by plaintiff. The tenant, Pacific Forest Industries, Inc. (Pacific Forest), ceased paying rent on the leased property and was eventually evicted through a forcible entry and detainer action. The wood materials at issue were left on the leasehold property after plaintiff regained possession of the premises. Plaintiff filed this action, asserting a landlord's lien in the wood materials and seeking to foreclose that lien.

Defendant, whose son had operated Pacific Forest and who had not been a tenant on the property, claimed that

---

[1] Although a number of named defendants were parties to the case in the trial court, Jack Stone is the only defendant involved in this appeal.

[2] The wood materials consisted of piling logs, fir poles, fir skid logs, and pine logs.

he owned the wood materials at issue and made demands on plaintiff to return them. Defendant also provided plaintiff with information that he contended evidenced his ownership of the wood materials. In addition, he informed plaintiff that a large portion of the wood had been sold to his customers, that it was perishable, and that, unless it was put into use, it could become warped and useless. To avoid the deterioration of the wood materials, defendant proposed that the wood materials be sold and that the proceeds be put into trust to await a legal determination as to ownership. Plaintiff responded that he had a lien claim relating to the wood materials pending before the court and that he was in doubt as to who was entitled to possession of them. He concluded, therefore, that the trial court needed to decide ownership before he could take any action. In response to plaintiff's position, defendant filed a counterclaim alleging that plaintiff was liable for conversion of the wood materials.

Defendant moved for summary judgment on the issue of ownership of the wood materials. Ultimately, in its order granting partial summary judgment on defendant's motion, the trial court concluded that the wood materials belonged to defendant and that they were not subject to plaintiff's lien. The court ordered plaintiff to immediately return the wood materials to defendant or otherwise make them available to him. Defendant eventually took the wood materials from plaintiff's real property.

Plaintiff then moved for summary judgment on defendant's conversion claim. At the hearing, plaintiff contended that he was entitled to summary judgment because, in taking the wood materials into his possession, defendant made an election of remedies and was no longer entitled to the remedy of conversion. Plaintiff further contended that he held a legal privilege to retain the wood materials under the circumstances to await the trial court's determination of who was entitled to them. The court ruled that plaintiff could lawfully maintain the wood materials in his possession until the court issued its ruling relating to ownership and, therefore, plaintiff's relationship to defendant was that of a bailee. As a bailee, the court reasoned, plaintiff was required to exercise reasonable care to protect the wood materials. Originally, the court denied summary judgment because it determined that

there was an issue of material fact as to whether plaintiff had acted reasonably as the bailee of the wood materials. However, on reconsideration, the court concluded that defendant had not offered any evidence of unreasonable conduct by plaintiff, granted summary judgment to plaintiff on defendant's counterclaim for conversion, and entered judgment for plaintiff. Defendant appeals from that judgment.

The tort of conversion is defined in Oregon as follows:

"(1)   Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.

"(2)   In determining the seriousness of the interference and the justice of requiring the actor to pay the full value, the following factors are important:

"(a)   the extent and duration of the actor's exercise of dominion or control;

"(b)   the actor's intent to assert a right in fact inconsistent with the other's right of control;

"(c)   the actor's good faith;

"(d)   the extent and duration of the resulting interference with the other's right of control;

"(e)   the harm done to the chattel;

"(f)   the inconvenience and expense caused to the other."

*Restatement (Second) of Torts* § 222A (1965); *Mustola v. Toddy*, 253 Or 658, 664, 456 P2d 1004 (1969) (adopting that definition of conversion). The above list of factors to be considered in determining whether a conversion occurs is nonexclusive, *Mustola*, 253 Or at 666, and no one factor is considered dispositive, *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 707, 64 P3d 1193 (2003).

The *Restatement* also provides that a party in possession of personal property who does not surrender that property under appropriate circumstances is privileged against a later claim of conversion:

"[O]ne in possession of a chattel who is in reasonable doubt as to the right of a claimant to its immediate possession does not become a converter by making a qualified refusal to surrender the chattel for the purpose of affording a reasonable opportunity to inquire into such right."

*Restatement* § 240. We are persuaded that the rule from the *Restatement* reflects the common law that governs defendant's counterclaim. Additionally, we conclude that a person who exercises possession and control over chattels pursuant to the privilege described above must also exercise reasonable care over those chattels. *See State v. Black*, 193 Or 295, 311, 236 P2d 326 (1951) (recognizing that a constructive bailment arises where a person lawfully possesses a thing and has the duty to account for it as the property of another); *see also, e.g., Hadfield v. Gilchrist*, 343 SC 88, 96-97, 538 SE2d 268, 272-73 (2000) (constructive bailment arises where one person lawfully acquires possession of the personal property of another and holds it under circumstances such that the law should impose a duty to keep it safely; towing company's towing of an illegally parked car pursuant to city ordinance gave rise to a constructive bailment); *American Ambassador v. City of Chicago*, 205 Ill App 3d 879, 563 NE2d 882 App Ct (1990) (police department's impounding of arrestee's vehicle gave rise to constructive bailment with duty to keep the vehicle safely); *see also Koennecke v. Waxwing Cedar Prod.*, 273 Or 639, 648, 543 P2d 669 (1975) (gratuitous bailee must exercise such reasonable care as particular circumstances demand).

■■    We turn now to the application of the above principles to the circumstances of this case. Whether a duty of reasonable care arises depends on the facts of a particular case. Where a landowner finds the property of another on his land and intentionally and lawfully undertakes to hold that property for the benefit of himself and of the owner of the property, a duty of care to preserve the property's value is assumed by the owner of the real property. Plaintiff found the wood materials on his property. After defendant demanded their return, plaintiff made a qualified refusal and did not return them. Instead, he took it upon himself to hold the wood materials for his benefit and that of their owner

until the court could determine who owned the wood materials and the validity of plaintiff's lien. Under those circumstances, plaintiff had a duty to exercise reasonable care to preserve the value of the wood materials during the time that he held them within his possession and control.

In that light, we turn to the issue of whether there exists a genuine issue of material fact in the summary judgment record. It is undisputed that plaintiff was uncertain as to who owned the wood materials on his real property and that, in response to defendant's demands, plaintiff informed defendant of that fact and advised him that plaintiff would await the trial court's determination on that issue. The trial court ultimately granted summary judgment in favor of plaintiff on defendant's claim for damages based on its conclusion that defendant had "presented no substantial evidence of any unreasonable conduct relating to the subject personal property[.]" Defendant contends, however, that he did, in fact, offer evidence that created a genuine issue of material fact as to the reasonableness of plaintiff's actions in protecting the wood materials while they were in his possession and, therefore, summary judgment is precluded. Plaintiff responds that the trial court correctly concluded that defendant did not present evidence of unreasonable conduct.

The evidence plaintiff presented to the court as to the care of the wood materials was that he simply left all of the property where it was located after he took possession of the real property. Defendant, in turn, presented evidence that he had informed plaintiff that the wood was perishable, and that, if left exposed to the elements, it was likely to become warped and unusable. Defendant's affidavit filed with the court stated that defendant had specifically informed plaintiff that the wood materials were perishable and that, "if [they were] not moved to the point of final destination and used they [would] begin to excessively crack and warp[,] greatly depreciating their value." As observed above, on review of summary judgment, we view the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the nonmoving party. In that light, we conclude that an objectively reasonable factfinder could conclude that, in leaving the wood as it was when he found it and

having been informed that it was perishable and would deteriorate if so left, plaintiff did not act reasonably. Accordingly, there is a genuine issue of material fact as to that issue, and the trial court erred in concluding otherwise.

■    Plaintiff further asserts that defendant could not properly obtain relief for conversion because defendant elected his remedy when, after obtaining a court order allowing him to do so, he removed the wood materials from plaintiff's real property. We are not persuaded by plaintiff's argument. A party may obtain relief for conversion even where he gains possession of the chattels at issue before trial; in such a case, a claimant's damages are ordinarily the value of the chattels at the time that they were taken or retained minus the value of the chattels at the time that the claimant regained possession. *W. L. Hughson Co. v. Northwester Nat. Bk.*, 126 Or 43, 47, 260 P 756 (1928); *Eldridge v. Hoefer*, 45 Or 239, 245-46, 77 P 874 (1904). Defendant's claim for damages against plaintiff relates to the window in time during which defendant was denied access to the wood materials and plaintiff allegedly unreasonably permitted them to lose all their value. Thus, the fact that defendant eventually recovered possession of the wood materials does not, in itself, preclude him from recovering damages for a reduction in the value of his property. It follows that the trial court erred in granting summary judgment to plaintiff and that defendant is entitled to a trial on his claim for damages.

Reversed and remanded.